1  Alden J. Parker (SBN 196808)
       E-Mail: aparker@fisherphillips.com
2  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 1400
3  Sacramento, California 95814
   Telephone: (916) 210-0400
4  Facsimile: (916) 210-0401

5  Attorneys for Defendant
6  SURGICAL CARE AFFILIATES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY NAKAGAKI,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SURGICAL CARE AFFILIATES, LLC, and DOES 1 through 25,<br><br>　　　　　　Defendants. | CASE NO.:<br><br>*[Removed from Orange County Superior Court, Case No. 30-2023-01310253-CU-WT-CJC]*<br><br>**DEFENDANT SURGICAL CARE AFFILIATES, LLC NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>*[Filed concurrently with the Declarations of Alden J. Parker and James Ranslow, Civil Cover Sheet, Notice of Interested Parties And Corporate Disclosure Statement, Notice of Related Cases]*<br><br>Complaint Filed:　February 28, 2023<br>Trial Date:　　　Not Yet Set |

---

1
NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446
FP 46785401.1

TO PLAINTIFF, COUNSEL OF RECORD, AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, Defendant SURGICAL CARE AFFILIATES, LLC ("SCA" or "Defendant") by and through its counsel of record Fisher & Phillips LLP, hereby submits this Notice Of Petition For Removal Of Action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California (Southern Division) pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(b). The grounds for removal are as follows:

## I. STATEMENT OF JURISDICTION.

1. This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(b).

## II. VENUE.

2. This action was filed in the California Superior Court for the County of Orange. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL.

3. On February 28, 2023, Plaintiff Brittany Nakagaki ("Plaintiff") filed a Complaint alleging three causes of action against Defendant (1) Wrongful Termination in Violation of Public Policy; (2) Violation of California Labor Code § 1102.5; and (3) Violation of Labor Code § 6310, thereby initiating a civil action in the Orange County Superior Court entitled *Brittany Nakagaki v. Surgical Care Affiliates, LLC, and DOES 1 through 25*, Case No. 30-2023-01310253-CU-WT-

CJC ("State Lawsuit").  Attached as **Exhibit 1** to the Declaration of Alden J. Parker ("Parker Decl.") is a true and correct copy of the Complaint (hereinafter "Compl.").

4. On March 6, 2023, Plaintiff served Defendant with the Complaint, and all other relevant materials from the State Lawsuit.  Attached as **Exhibit 2** to the Parker Decl. is a true and correct copy of the Service of Process Transmittal Summary from Defendant's registered agent for service of process in California.

5. Exhibit 1 attached to the Parker Decl., constitutes all process, pleadings, and orders known by Defendant to exist in this action.  As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Defendant in the State Lawsuit.  (Parker Decl. at ¶ 8.)

6. This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based.  *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (11th Cir. 1999).  In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b).

**IV.  GROUNDS FOR REMOVAL.**

7. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a).

8. In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure and that, accordingly, such notices need not attach evidence nor meet a burden of proof, but rather need contain only a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC. v. Owens*, 135 S. Ct. 547, 551-554 (2014) (quoting 28 U.S.C. § 1446(a)).  This governing principle also applies to a removing

party's allegations as to the amount in controversy. *Id.*; *see also Garnett v. ADT LLC*, F. Supp. 3d 1332, 1334 (E.D. Cal. 2015). Only if the court or another party contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 553-554;

9. The District Court cannot *sua sponte* order remand before allowing Defendant to submit evidence. *See Academy of Country Music v. Continental Casualty Company,* 991 F.3d. 1059, 1060 (9th Cir. 2021) (The Ninth Circuit vacated a Central District Court's order denying the defendant's Rule 59(e) motion that requested review of the District Court's *sua sponte* remand order. The Court held that the trial court erred as a matter of law by issuing a *sua sponte* remand order due to insufficient evidence to show the amount in controversy).

### A. Complete Diversity of Citizenship Exists.

10. Complete diversity of citizenship exists in this matter because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Alabama. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

#### i. Citizenship of Plaintiff.

11. For diversity purposes, a person is a "citizen" of the state in which he/she is domiciled. 28 U.S.C. § 1332(a)(1); *see also Kanotor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983); *Kramer v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he/she resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11-cv-163, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's residence

is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). However, the legal presumption created by residence establishes *continuing* domicile that Plaintiff is still a resident of the State of California. *See Mondragon*, 736 F.3d at 885-886 ("[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted…This presumption has been widely accepted, including by this [the Ninth] Circuit.").

12. In the Complaint, Plaintiff states that "Plaintiff at all relevant times [was a] resident of the County of Orange, State of California […]" (Parker Decl., **Exhibit 1**, Compl. ¶ 1.) Nothing in the Complaint or other pleadings suggest otherwise.

13. Accordingly, Plaintiff is, and at all times since the commencement of this action has been, domiciled in and a citizen of the State of California.

### *ii. Citizenship of Defendant.*

14. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010). This is the corporation's "nerve center." *Id.* at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989)

(determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

15. At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, Defendant is, and was, a corporation that is incorporated in the State of Delaware. (*See* Parker Decl. at ¶ 5, **Exhibit 3;** Declaration of James Ranslow ("Ranslow Decl.") at ¶ 2). Defendant's principal place of business is, and was, located in the state of Alabama. (*Id.*) The Chief Executive Officer of Defendant and two other officers conduct business out of Alabama.[1] (*Id.*)

16. Accordingly, Defendant is, and was, a citizen of the states of Delaware and Alabama.

### *iii. Citizenship of Doe Defendants.*

17. The Complaint also names as Defendants DOES 1 through 25 ("DOE Defendants"). The twenty-five DOE Defendants named in the Complaint are not considered in assessing diversity. *See e.g., Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690–91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal. Regardless, and to the best of Defendant's knowledge, no DOE defendants have been served with the Complaint in the State Lawsuit. (*See* Parker Decl. at ¶ 6).

///

///

---

[1] The Chief Financial Officer and other company officers conduct business out of Defendant's "headquarters" located in the state of Illinois. (*See* Ranslow Decl. at ¶ 2). Assuming *arguendo* that the location of Defendant's headquarters is considered to be its principal place of business, Defendant is a citizen of Illinois, which remains completely diverse from California.

## B. The Amount in Controversy Requirement is Satisfied.

18. The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. Indeed, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S.Ct. at 547, 554.

19. The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiffs does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014). Where a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy plausibly exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). In other words, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

20. The Court may also consider allegations and statements made in the Notice of Removal (as well as summary-judgment-type evidence relevant to the amount in controversy). *Chavez*, 888 F.3d at 416; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.")

21. Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees are all included in determining the amount

in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)*; Chavez*, 888 F.3d at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016))("The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes.")

22. While Defendant denies any liability as to Plaintiffs' claims, Defendant can satisfy its burden of showing that the jurisdiction threshold of $75,000.00 is in controversy. *Sanchez*, 102 F.3d at 404. Indeed, "[That] burden is not 'daunting,' as courts recognize that under this standard, removing Defendants are not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). Rather, in measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true, and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938))("the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")

23. The allegations of the Complaint demonstrate that Plaintiffs seek damages in excess of the jurisdictional requirement of $75,000.00. Though Defendant denies that Plaintiff is entitled to any damages, Plaintiff seeks: (1) general damages; (2) special damages; (3) punitive damages; (4) civil penalties; (5) attorneys' fees; (6) prejudgment interest; and (7) "such further relief as the Court deems just and proper." (Parker Decl., **Exhibit 1**, Compl. at p. 5 ("Prayer For Relief"), ¶¶ 1-20). California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g.,*

*Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

24.    Plaintiff alleges that as a result of Defendant's conduct, she "has suffered, and continues to suffer, substantial losses in earnings, job benefits [...]" (Parker Decl., **Exhibit 1,** Compl. at ¶¶ 10, 15, 20.) Here, Plaintiff earned $32 per hour while working approximately 40 hours per week. (*See* Ranslow Decl. at ¶ 4). At the time she last worked for Defendant, Plaintiff was earning approximately $5,120 per month. Plaintiff's employment terminated on August 15, 2022. Thus, Plaintiff is seeking approximately eight months of lost wages as of the date of this removal petition, and this claim will continue to accrue during the pendency of this litigation. Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, Plaintiff will claim approximately 20 months of lost wages, or $102,400 ($5,120 per month × 20 months). This amount does not take into account any future lost wages Plaintiff may claim.

25.    Plaintiff's potential front pay damages may be considered in establishing the amount in controversy. *See Chavez*, 888 F.3d at 417–18 (stating lost future wages are included in the amount in controversy). Defendant compensated Plaintiff at $32.00 per hour in 2022. Based on this, Defendant conservatively estimates that Plaintiff would have earned approximately

$66,560.00 in base yearly compensation from Defendant (Plaintiff's hourly rate ($32.00) multiplied by the number of hours in a year of full-time employment (2080)). Plaintiff is 35 years old. Assuming a retirement age of 65 and an annual base rate of compensation of $66,560.00, Plaintiff's front pay claim would be $1,996,800.00 ($66,560.00 multiplied by 30 years). *See Huck v. Kone, Inc.*, No. 10-cv-1845, 2011 WL 31108, at *4 (N.D. Cal. Jan. 5, 2011) (calculating potential front pay claim assuming a retirement age of 65 for purposes of assessing amount in controversy). Thus, Plaintiff's front pay claim exceeds the threshold amount in controversy for diversity jurisdiction.

26.   Plaintiff's request for civil penalties also may be considered when assessing the amount in controversy. *See e.g.*, *Gonzalez v. Comenity Cap. Bank*, No. 19-cv-00342, 2019 WL 5304924, at *5 (E.D. Cal. Oct. 21, 2019) ("The Court therefore finds that the maximum penalty specified in a statute is properly included in a jurisdictional amount-in-controversy calculation where a plaintiff could reasonably recover such penalty."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008) (considering the statutory maximum for civil penalties based on plaintiff's allegations in denying motion to remand and holding that the amount in controversy for removal was satisfied). California Labor Code § 1102.5(f) provides for a civil penalty in an amount not to exceed $10,000 for each violation of Labor Code § 1102.5. Cal. Lab. Code § 1102.5(f). Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover"); *Gonzalez*, 2019 WL 5304924, at *5; *Korn*, 536 F. Supp. 2d at 1206. Therefore, Plaintiff's claim for violation of Labor Code § 1102.5 places an additional $10,000 into controversy.

///

27. Plaintiff's allegations of emotional distress damages may also be considered when accessing the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Plaintiff alleges that she "suffered, and continues to suffer […] humiliation, embarrassment, and emotional distress [...]" (Parker Decl., **Exhibit 1,** Compl. at ¶¶ 10, 15, 20). California courts routinely award more than $75,000 for emotional distress damages in cases with wrongful termination in violation of public policy and Labor Code § 1102.5 claims. *See e.g.*, *Bahra v. Cnty. of San Bernardino*, No. 16-cv-1756, 2022 WL 6653533, at *8 (C.D. Cal. Sept. 7, 2022) ($2M jury award for emotional distress damages for plaintiff's successful section 1102.5 claim); *Martinez v. Rite Aid Corp.*, 63 Cal. App. 5th 958, 962 (2021) ($2,012,258 award for plaintiff's wrongful termination cause of action and $4 million award on plaintiff's related intentional infliction of emotional distress); *Eun Joo Ko v. The Square Group, LLC dba the Square Supermarket and Ixzibit, Inc.*, 2014 WL 3542203 (Cal. Super. June 16, 2014) ($125,000 award for emotional distress for claims that included wrongful termination); *Chambers v. Penske Truck Leasing Corp.*, No. 11-cv-00381, 2011 WL 1459155, at *3 (E.D. Cal. Apr. 15, 2011), *report and recommendation adopted*, No. 11-cv-00381, 2011 WL 1739913 (E.D. Cal. May 4, 2011) ("it is not unreasonable to consider that Plaintiff here may likewise be entitled to damages for emotional distress in an amount at least equal to her lost wages"); *Liemandt v. Mega RV Corp.*, No. 11-cv-04250047 ($385,000 award for emotional distress damages associated with a wrongful termination claim); *Landis v. Pinkertons, Inc.*, 122 Cal. App. 4th 985, 988 (2004) ($275,000 award for emotional distress damages associated with a wrongful termination claim).

28. Plaintiffs' claim for punitive damages may be considered when assessing the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-cv-01945, 2016 WL 3902838, at *6 (N.D. Cal. July 19, 2016) (claim for

11
NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446
FP 46785401.1

| | |
|---|---|
| 1 | punitive damages in employment case established amount in controversy because |
| 2 | punitive damage awards in similar cases have exceeded jurisdictional threshold); |
| 3 | *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980) (stating punitive damages |
| 4 | are available for common law claims for wrongful termination in violation of public |
| 5 | policy and violations of Labor Code section 1102.5).  Employment cases with a |
| 6 | wrongful termination in violation of public policy and Labor Code § 1102.5 claims |
| 7 | in California have resulted in punitive damages awards exceeding $75,000.  *See* |
| 8 | *e.g.*, *Nikmanesh v. Wal-Mart Stores, Inc.*, No. 15-cv-202, 2022 WL 1837515, at *2 |
| 9 | (C.D. Cal. Feb. 25, 2022) (reducing the jury's $27.3 million punitive damages |
| 10 | award for successful plaintiff's wrongful termination in violation of public policy |
| 11 | and retaliation in violation of Labor Code § 1102.5 claims to $800,400); *Martinez*, |
| 12 | 63 Cal. App. 5th at 962 ($4.8 million award in punitive damages for wrongful |
| 13 | termination claim); *Lopez v. Bimbo Bakeries USA, Inc.*, No. 11-cv-9263, 2009 WL |
| 14 | 1090375, at *1 (Cal. Ct. App. Apr. 23, 2009) (affirming $2 million punitive |
| 15 | damages award in wrongful termination case).  Accordingly, Plaintiffs' punitive |
| 16 | damages claim establishes the amount in controversy. |
| 17 |     29.  The Ninth Circuit has held that "Section 1332(a)'s amount-in- |
| 18 | controversy requirement excludes only "interest and costs" and therefore includes |
| 19 | attorneys' fees."  *Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. |
| 20 | 2007).  Plaintiff has demanded attorneys' fees, which are recoverable under claims |
| 21 | pursuant to the California Labor Code.  *See e.g.*, Cal. Lab. Code § 1102.5(g).  If |
| 22 | attorneys' fees are recoverable by the Plaintiff, the fee claim is included in |
| 23 | determining the amount in controversy, regardless of whether the fee award is |
| 24 | mandatory or discretionary.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 |
| 25 | (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 |
| 26 | (N.D. Cal. 2002).  Defendant anticipates that depositions will be taken in this case |
| 27 | and that Defendant may ultimately file a motion for summary judgment.  Based on |
| 28 | defense counsel's experience, attorneys' fees in employment cases generally will |

exceed $50,000, but will often exceed $100,000. A reasonable estimation of an attorneys' fee award in this case easily exceeds $75,000. *See Bahra*, 2022 WL 6653533, at *8 (awarding $988,466 in attorneys' fees for plaintiff's successful Labor Code § 1102.5 cause of action); *Newton v. Equilon Enterprises, LLC*, 411 F. Supp. 3d 856, 884 (N.D. Cal. 2019) ($841,43.73 award in attorneys' fees for plaintiff who prevailed before a jury on claims that included a Labor Code § 1102.5 cause of action); *Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal. 2002)("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (findings that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum.") Accordingly, even assuming a minimum award of attorneys' fees, the amount in controversy threshold of $75,000 would be easily surpassed.

30. Based on the foregoing, there is ample evidence that the amount in controversy, based on Plaintiff's own pleadings and the totality of Plaintiff's claims, easily exceeds the minimum threshold of $75,000. Accordingly, removal is proper.

**V.    PROCEDURAL PREREQUISITES.**

31. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Orange County Superior Court, where the action was filed.

32. As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record: The Gould Law Firm. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Orange.

33. In filing this notice, Defendant does not waive any defenses.

34. In filing this notice, Defendant does not admit any of the allegations made in Plaintiffs' State Lawsuit.

## VI. CONCLUSION.

Based on the foregoing, Defendant prays that the above-described action pending in the Superior Court of California, County of Orange, be removed to the United States District Court for the Central District of California.

DATE: April 5, 2023                    FISHER & PHILLIPS LLP

By: */s/ Alden J. Parker*
Alden J. Parker

Attorneys for Defendant
SURGICAL CARE AFFILIATES, LLC