Alden J. Parker (SBN 196808)
E-Mail: aparker@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendant
SURGICAL CARE AFFILIATES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY NAKAGAKI,<br><br>    Plaintiff,<br><br> v.<br><br>SURGICAL CARE AFFILIATES, LLC, and DOES 1 through 25,<br><br>    Defendants. | CASE NO.: 8:23-cv-00617-CJC-KESx<br><br>[*Originally Orange County Superior Court Case No. 30-2023-01310253*]<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: February 28, 2023<br>Removal Filed: April 5, 2023<br>Trial Date: Not Set |

Defendant, SURGICAL CARE AFFILIATES, LLC ("Defendant") responds to Plaintiff BRITTANY NAKAGAKI'S ("Plaintiff") Complaint as follows:

## GENERAL ALLEGATIONS

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and leaves Plaintiff to her proofs.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint, and leaves Plaintiff to her proofs.

4. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint, and leaves Plaintiff to her proofs. Defendant denies any wrongdoing alleged in this Paragraph.

5. The allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no response is required.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## FIRST CLAIM OF RELIEF

### Wrongful Termination in Violation of Public Policy

7. Defendant restates and incorporates by reference its responses to Paragraphs 1-6 as though fully set forth herein.

8. The allegations contained in Paragraph 8 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this Paragraph.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

///

///

## SECOND CLAIM OF RELIEF

### Violation of California Labor Code § 1102.5

12. Defendant restates and incorporates by reference its responses to Paragraphs 1-11 as though fully set forth herein.

13. The allegations contained in Paragraph 13 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this Paragraph.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## THIRD CLAIM OF RELIEF

### Violation of California Labor Code § 6310

17. Defendant restates and incorporates by reference its responses to Paragraphs 1-16 as though fully set forth herein.

18. The allegations contained in Paragraph 18 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in this Paragraph.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

**WHEREFORE**, this answering Defendant prays that: i) Plaintiff take nothing by her Complaint for damages; ii) Plaintiff's Complaint herein be dismissed in its entirety

with prejudice; iii) Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and iv) the court award such other and further relief as it deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. This Court lacks subject matter jurisdiction to adjudicate this action because all disputes arising out of or related to Plaintiff's employment are subject to Plaintiff's agreement to submit such disputes to binding individual contractual arbitration, and any contrary state laws operating to defeat such arbitration are preempted by the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code § 3601 et seq.

### FIFTH AFFIRMATIVE DEFENSE

5. If Plaintiff has received, or in the future receive, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is estopped by her conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

### SEVENTH AFFIRMATIVE DEFENSE

7. By her conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE

11. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The alleged acts of which Plaintiff complains were based on reasonable factors other than any prohibited factor, including Plaintiff's alleged complaints about unlawful treatment.

///
///
///

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Even if there was unlawful treatment (which Defendant denies), Plaintiff is not entitled to recover of any damages because Defendant would have made the same decision absent the alleged unlawful treatment.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff did not exercise ordinary care on her own behalf, and her own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's damages, if any, were proximately caused by the negligent, reckless and/or intentional acts of third parties as to whom Defendant had neither the right, nor the duty, nor the opportunity to exercise control and who acted without the knowledge, participation, approval or ratification of Defendant.

///

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's request for equitable relief is barred and/or improper to the extent that Plaintiff has an adequate remedy at law in that Plaintiff also requests monetary damages, interest and an award of attorneys' fees and costs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code § 2922.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Defendant expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

DATE:  April 12, 2023                FISHER & PHILLIPS LLP


                                     */s/ Alden J. Parker*
                                     _____
                                     Alden J. Parker

                                     Attorneys for Defendant
                                     SURGICAL CARE AFFILIATES, LLC