ALDEN J. PARKER (SBN 196808)
aparker@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

BRIAN L. TREMER (SBN 335904)
btremer@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
SURGICAL CARE AFFILIATES, LLC

MICHAEL A. GOULD
michael@wageandhourlaw.com
AARIN A. ZEIF
Aarin@wageandhourlaw.com
THE GOULD LAW FIRM
161 Fashion Lane, Suite 207
Tustin, CA 92780

Attorneys for Plaintiff
BRITTANY NAKAGAKI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY NAKAGAKI,<br><br>      Plaintiff,<br><br>v.<br><br>SURGICAL CARE AFFILIATES, LLC, and DOES 1 through 25,<br><br>      Defendants. | CASE NO.: 8:23-cv-00617-CJC-KESx<br><br>[*Originally Orange County Superior Court Case No. 30-2023-01310253*]<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conf. Date: June 15, 2023<br>Time:  N/A<br>Room:  N/A<br><br>Complaint Filed:  February 28, 2023<br>Removal Filed:  April 5, 2023<br>Trial Date:  Not Set |

Plaintiff Brittany Nakagaki ("Plaintiff") and Defendant Surgical Care Affiliates, LLC ("Defendant") (collectively the "Parties"), pursuant to the Court's April 13, 2021 Order (Docket No. 14), Federal Rule of Civil Procedure 26(f), and Central District Local Rule 26-1, hereby submit this Joint Report, through their respective counsel of record, and which was prepared subsequent to the meeting of counsel on May 22, 2023.

## 1. STATEMENT OF THE CASE

### A. Plaintiff's Claims

Plaintiff was employed by Defendant as a laboratory technician from March 2022 to August 15, 2022. Plaintiff earned $32.00 per hour while employed by Defendant. In or about July and August, Plaintiff questioned and complained to her direct supervisor about certain laboratory practices that she believed violated the law, including practices relating to the lack of sterilization of instruments and lack of documentation. Plaintiff was illegally terminated shortly thereafter on August 15, 2022 for such complaints.

### B. Defendant's Position

Defendant expressly denies each and every allegation in Plaintiff's Complaint and contests Plaintiff's claims for relief. Specifically, Defendant contends it did not wrongfully terminate, or retaliate against Plaintiff due to her making any complaint to Defendant about alleged illegal practices. Rather all actions taken with respect to Plaintiff were taken for legitimate non-discriminatory and non-retaliatory reasons, including but not limited to Plaintiff's fraudulent timekeeping.

## 2. SUBJECT MATTER JURISDICTION

The District Court has diversity jurisdiction under 27 U.S.C. §§1332, 1441(a) and 1441(b) in that i) there is complete diversity between Plaintiff, a citizen of California, and Defendant, a citizen of Delaware and Alabama, and ii) the amount in controversy exceeds the jurisdictional minimum of $75,000.

## 3. LEGAL ISSUES

The Parties are presently unaware of any unusual substantive, procedural, or evidentiary

legal issues in this matter other than those normally encountered in an employment case involving allegations of retaliation , and wrongful termination.  The key legal issues will be 1) whether Plaintiff was retaliated against in violation of California Labor Code section 1102.5 and/or section 6310, 2) whether Plaintiff was wrongfully terminated in violation of public policy, 3) whether Plaintiff is entitled to any damages and if so, he amount of said damages.

**4. PARTIES, EVIDENCE, ETC.**

The Plaintiff in this action is Brittany Nakagaki.  The Defendant is Surgical Care Affiliates, LLC.  The Parties do not anticipate the appearance of additional parties.  Key witnesses, other than Plaintiff, and key documents are not fully known to the Parties at this time, but are expected to be discovered during the discovery process.

**5. DAMAGES**

The issue of damages is disputed.

Plaintiff alleges damages for lost earnings, benefits, emotional distress, punitive damages, and also seeks interest, attorney's fees, penalties, and costs.

Defendant contends that Plaintiff has not been damaged by an act or omission of Defendant.  Other than fees and costs, including expert fees, Defendant does not seek the recovery of damages from Plaintiff.

**6. INSURANCE**

Surgical Care Affiliates, LLC is covered by an employment practices liability insurance policy which may cover some of the claims alleged in this action.

**7. MOTIONS**

The Parties  reserve the right to file a motion for summary judgment, or partial summary judgment, as discovery and pre-trial motions as applicable as the case progresses.  The Parties do not waive any requirements under the local rules with respect to the filing of any motions.

/ / /

/ / /

## 8. STATUS OF DISCOVERY

The Parties will exchange initial disclosures by June 22, 2023. Thereafter, the parties will propound written discovery (including interrogatories, requests for admission, and requests for the production of documents), and notice the necessary depositions.

Defendant intends to take the deposition of Plaintiff as well as the depositions of any additional witnesses identified during discovery and investigation in this matter. Plaintiff intends on taking Defendant's deposition and any additional witnesses thereafter.

## 9. DISCOVERY PLAN

i. **Rule 26(a)(1) Disclosures**. The Parties will provide Initial Disclosures on or before June 22, 2023.

ii. **Scope of Discovery**. The Parties intend to conduct discovery as to the elements of the claims and remedies placed in issue by the pleadings, and any defenses that may be asserted with respect thereto, including but not limited to details regarding Plaintiff's allegations that Defendant wrongfully terminated Plaintiff or retaliated against her due to allegedly complaining to Defendant about illegal practices, any and all economic and non-economic damages allegedly sustained by Plaintiff as a result of the alleged actions and/or omissions of Defendant, and whether Plaintiff has properly mitigated her damages.

iii. **Electronically Stored Information**. The Parties do not believe that there are any unusual issues related to electronically stored information. To the extent necessary, the Parties will meet and confer on the scope and cost of any requests for electronically stored information. Defendant will not agree to provide any ESI that is not reasonably accessible. Defendant reserves all objections to the collection and/or production of any such ESI, including email. Defendant proposes that that it not be required to produce native files or metadata for all emails (or other ESI), but that instead, if native files are needed or if metadata

is at issue for a particular document, that the parties will meet and confer on a case-by-case basis.

    iv. **Privilege and/or Protection**. The parties do not anticipate any unusual issues relating to claims of privilege or protection as to trial preparation materials. The Parties agree to address any such issues in the event they arise.

    v. **Inadvertently-Produced Privileged Material**. The parties propose the following procedure with regard to privileged or otherwise protected material that is inadvertently produced: If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to all other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such discovery material and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such discovery material and information. The party that has inadvertently produced or disclosed such information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the discovery material and the copies returned to the producing party such that the non-producing party is able to challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

    vi. **Discovery Limitations**. Other than as stated herein, the Parties do not presently propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

    vii. **Other Orders**. The Parties may seek a stipulated protective order to protect confidential business and personal information. At this time, the parties are not presently aware of any other orders needed to be entered by the Court under Rule 26(c) or 16(b) and (c).

**10. DISCOVERY CUT-OFF**

As set forth in Exhibit A, discovery should be completed by March 15, 2024.

**11. EXPERT DISCOVERY**

As set forth in Exhibit A, the Parties propose December 15, 2023 as the deadline for expert witness disclosures, and February 15, 2024 as deadline for rebuttal expert disclosures.

**12. DISPOSITIVE MOTIONS**

Defendant intends to file a motion for summary judgment, or, in the alternative motion for partial summary judgment. Plaintiff may file a partial motion for summary judgment. The Parties are presently without sufficient information to provide a description of the issues or claims that may be determined by dispositive motions.

**13. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

To date, the Parties have not engaged in substantive settlement discussions. Pursuant to Central District Rule 16-15, the Parties are meeting and conferring as to selecting ADR Procedure No. 2 (neutral selected from the Court's Mediation Panel) or ADR Procedure No. 3 (private mediation) and shall participate at the appropriate time and within any deadline scheduled by the Court in a dispute resolution proceeding.

**14. TRIAL ESTIMATE**

The Parties anticipate a jury trial, which will last approximately four to five (4-5) days.

**15. TRIAL COUNSEL**

Plaintiff's Counsel – Michael A. Gould, Esq. and Aarin A. Zeif, Esq. from the Gould Law Firm.

Defendant's Counsel – Alden J. Parker, Esq., and Brian L. Tremer, Esq. from Fisher & Phillips, LLP.

**16. INDEPENDENT EXPERT OR MASTER**

The Parties do not anticipate the need for an independent expert or master in this case.

**17. MANUAL FOR COMPLEX LITIGATION**

The Parties agree that the claims and defenses in this matter are not complex and that the Manual for Complex Litigation should not be utilized in this action.

**18. MAGISTRATE**

The Parties do not consent to try this case before a Magistrate Judge.

**19. TIMETABLE**

See Schedule of Pretrial and Trial Dates attached as Exhibit A.

DATE: June 8, 2023                    FISHER & PHILLIPS LLP

*/s/ Brian L. Tremer*
ALDEN J. PARKER
BRIAN L. TREMER
Attorneys for Defendant
SURGICAL CARE AFFILIATES, LLC

DATE: June 8, 2023                    THE GOULD LAW FIRM

*/S/ Aarin A. Zeif*
MICHAEL A. GOULD
AARIN A. ZEIF
Attorneys for Plaintiff
BRITTANY NAKAGAKI

# EXHIBIT A

# Judge Cormac J. Carney

# SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. 8:23-cv-00617-CJC-KES | Case Name: *Brittany Nakagaki v. Surgical Care Affiliates, LLC, et al.* | | |
|---|---|---|---|
| **Matter** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order** |
| Check one: [x] Jury Trial or [ ] Court Trial (***Monday*** **at 9:00 a.m.**) Estimated Duration: 6-8 Days | 08/05/2024 | 08/05/2024 | |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearings on Motions In Limine | 07/09/2024 | 07/09/2024 | |
| Last Date to Conduct Settlement Conference | 11/15/2023 | 11/15/2023 | |
| Last Date to ***Hear*** Non-Discovery Motions (*Friday at 9:00 a.m.*) | 05/15/2024 | 05/15/2024 | |
| All Discovery Cut-Off (including hearing all discovery motions) | 03/15/2024 | 3/15/2024 | |
| Expert Disclosure (Initial) | 12/15/2023 | 12/15/2023 | |
| Expert Disclosure (Rebuttal) | 02/15/2024 | 02/15/2024 | |
| Last Day to Amend Pleadings or Add Parties | 11/15/2023 | 11/15/2023 | |

ADR [L.R. 16-15] Settlement Choice:

      X    Attorney Settlement Officer Panel

      X    Private Mediation

      ☐    Magistrate Judge

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the date below, I served the foregoing document entitled **JOINT RULE 26(F) REPORT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael A. Gould<br>Aarin A. Zeif<br>THE GOULD LAW FIRM<br>161 Fashion Lane, Suite 207<br>Tustin, CA 92780 | Attorneys for Plaintiff<br>BRITTANY NAKAGAKI |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed June 8, 2023 at Irvine, California.

Elizabeth M. Abina
_Print Name_

By: */s/ Elizabeth M. Abina*
_Signature_