UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRITTANY NAKAGAKI,<br><br>Plaintiff,<br><br>v.<br><br>SURGICAL CARE AFFILIATES, LLC, and DOES 1–25,<br><br>Defendants. | Case No.: SACV 23-00617-CJC (KESx)<br><br>ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF [Dkt. 22] |

## I. INTRODUCTION & BACKGROUND

In this case, Plaintiff Brittany Nakagaki alleges that Defendant Surgical Care Affiliates, LLC, wrongfully terminated her and violated California's Labor Code. (*See* Dkt. 1 [Compl.].) Now before the Court is the Gould Law Firm's motion to withdraw as counsel for Plaintiff because her "'conduct renders it unreasonably difficult' for the

Gould Law Firm 'to carry out the representation effectively.'" (*See* Dkt. 22-1 [Mot. to Withdraw, hereinafter "Mot."] at 2 [quoting Cal. R. of Prof'l Conduct 1.16].) Surgical Care does not oppose the motion. (*See* Dkt. 23 [Notice of Non-Opp'n].) For the following reasons, the Gould Law Firm's unopposed motion is **GRANTED.**[1]

## II.    LEGAL STANDARD

Attorney withdrawals are governed by the Central District of California's Local Rules, the California Rules of Professional Conduct, and case law.  The Local Rules explain that (1) withdrawal is only permitted "by leave of court," (2) counsel must make a written motion and give "written notice . . . reasonably in advance to the client and all other parties who have appeared in the action, and (3) the motion "must be supported by good cause." C.D. Cal. L.R. 83-2.3.2.  The California Rules of Professional Conduct additionally require attorneys seeking to withdraw from representation to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including giving the client adequate time to retain alternative counsel.  Cal. Rules of Prof'l Conduct r. 1.16(d).  And "[c]ourts often weigh four factors in determining whether to grant or deny" a motion for withdrawal: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (collecting cases).

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 29, 2024 at 1:30 p.m. is hereby vacated and off calendar.

## III. ANALYSIS

The Gould Law Firm has met the procedural requirements to withdraw. It sought leave of court by written motion, gave reasonable advance notice to the parties, and took reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights. *See* C.D. Cal. L.R. 83-2.3.2; Cal. Rules of Prof'l Conduct r. 1.16(d); (*see* Dkt. 22-2 [Declaration of Michael A. Gould, hereinafter "Gould Decl."] ¶¶ 3–4).

It has also demonstrated good cause to withdraw. The Rules of Professional Conduct allow an attorney to withdraw as counsel of record for a client if "the client insists upon presenting a claim or defense in litigation, or asserting a position … that is not warranted under existing law and cannot be supported by good faith argument" or "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Cal. R. Prof. Conduct r. 1.16(b)(1), (4); *see Three Sons, Inc. v. Felix Express Inc.*, 2022 WL 2286760, at *1–2 (C.D. Cal. May 6, 2022) (granting a motion to withdraw as counsel of record on the basis of "a fundamental breakdown of the relationship that render[ed] effective representation impossible"). Here, Plaintiff is insisting on "presenting a claim or defense in litigation, or asserting a position … that is not warranted under existing law and cannot be supported by good faith argument" and through other conduct is rendering it "unreasonably difficulty for [her counsel] to carry out the representation effectively." (Gould Decl. ¶ 2.)

Finally, the *Nedbank* factors weigh in favor of granting the Gould Law Firm's motion to withdraw. The reasons it seeks to withdraw are compelling. Surgical Care will face little prejudice if Plaintiff's counsel withdraw, and indeed, it consents to the withdrawal. Trial is not for eight months, and there are still nearly three months remaining in the discovery period. (*See* Dkt. 17.) This leaves plenty of time for Plaintiff to obtain new counsel and the case to proceed as scheduled. And withdrawal will not

harm the administration of justice, nor will it unreasonably delay the resolution of this case.

## IV.   CONCLUSION

For the foregoing reasons, the Gould Law Firm's unopposed motion to withdraw as counsel for Plaintiff is **GRANTED**.  Counsel is **ORDERED** to:

1. Serve a copy of this order on Plaintiff by January 12, 2024, and ask Plaintiff to pay particular attention to the below portion of this order requiring her to file a statement confirming her intent to prosecute her claims, and
2. Provide the Court with Plaintiff's contact information, including her phone number, mailing address, and e-mail address, by January 12, 2024.

Plaintiff is **ORDERED** to file a statement by **January 29, 2024** confirming to the Court that she wishes to continue prosecuting her claims.  **Failure to file a statement by that date will result in dismissal of this case for failure to prosecute**.

DATED:     January 9, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE