1  ALDEN J. PARKER (SBN 196808)
   aparker@fisherphillips.com
2  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 2400
3  Sacramento, California 95814
   Telephone: (916) 210-0400
4  Facsimile: (916) 210-0401

5  BRIAN L. TREMER (SBN 335904)
   btremer@fisherphillips.com
6  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
7  Irvine, California 92614
   Telephone: (949) 851-2424
8  Facsimile: (949) 851-0152

9  Attorneys for Defendant
   SURGICAL CARE AFFILIATES, LLC

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  BRITTANY NAKAGAKI, an          CASE NO.: 8:23-cv-00617-MCS-KESx
    individual,
15                                  [*Originally Orange County Superior
                                    Court Case No. 30-2023-01310253*]
16           Plaintiff,
                                    **MEMORANDUM OF POINTS AND**
17       v.                         **AUTHORITIES IN SUPPORT OF**
                                    **DEFENDANT'S MOTION FOR**
18  SURGICAL CARE AFFILIATES,       **COSTS AND ATTORNEYS' FEES**
    LLC, and DOES 1 through 25,
19                                  Complaint Filed:  February 28, 2023
             Defendants.           Removal Filed:    April 5, 2023
20                                  Trial Date:       February 4, 2025
21

22

23

24

25

26

27

28

                                    1

## I.    INTRODUCTION

Defendant Surgical Care Affiliates, LLC ("Defendant") moves this court for an order granting Defendant its reasonable costs and attorneys' fees in this action pursuant to Federal Rules of Civil Procedure 54 and 68, and Local Rules 54-1 through 54-3.

Plaintiff Brittany Nakagaki ("Plaintiff") filed this Complaint in February 2023 alleging claims related to her former employment with Defendant. Defendant has maintained that Plaintiff's claims are entirely without merit since inception. Indeed, after attempts to resolve this matter informally early on, Plaintiff's former counsel withdrew from her representation due to the inability to represent her without being in conflict with the rules of professional conduct. Plaintiff then proceeded without counsel for the next year and a half, conducted no discovery on her own, took no depositions, and did not meaningfully prosecute the case in any way. Instead, Plaintiff filed several motions seeking sanctions – that were denied because they were baseless.

The matter was ultimately brought to trial in February 2025, two years later. The Court summarily dismissed Plaintiff's cause of action pursuant to California Labor Code section 6310 for complete lack of evidence to establish her claim. Thereafter, the jury returned a verdict in favor of defendant on Plaintiff's remaining claims for California Labor Code section 1102.5 and wrongful termination. The jury deliberated for approximately nine minutes.

Defendant is presumptively entitled to its costs under Federal Rule of Civil Procedure 54, and Defendant is seeking $13,256 in costs. Defendant also was forced to go to trial because Plaintiff rejected a legitimate offer of judgment pursuant to Rule 68, and is required to pay costs accordingly. Further, Defendant is entitled to the payment of its attorneys' fees for having to defend against Plaintiff's meritless claims all the way through trial. Defendant is seeking attorneys' fees in the amount of $203,766.

For the reasons detailed below, the Court should grant Defendant's motion in its entirety and award reasonable costs and fees.

## II.    LEGAL ARGUMENT

### A. <u>Federal Law Mandates That Defendant Is Awarded Costs As The Prevailing Party</u>

Defendant must be awarded its costs under the Federal Rules of Civil Procedure, and this Court's Local Rules. (*See* Fed. R. Civ. Proc. 54(d); 68; L.R. 54-1–54-3). Pursuant to these provisions, the prevailing party in a lawsuit is entitled to recover the cost expended in the litigation. (Id.; 28 U.S.C. § 1920 [defining costs]). The Court dismissed Plaintiff's Section 6310 claim at trial, and the jury unanimously returned a verdict in favor of Defendant for Plaintiff's Section 1102.5 and wrongful termination claims. (Dkt. 175; 176). Defendant unequivocally prevailed and should be awarded the costs for its defense through trial in the amount of **$13,256**. (Declaration of Brian L. Tremer "Tremer Decl.", paragraph 19, Ex. B).

### i.  *Defendant's Costs Are Presumed Under Rule 54*

There is a presumption that costs will be awarded to the prevailing party. (Fed. R. Civ. Proc. 54(d)(1) ["Unless a federal statute, these rules or a court order provides otherwise, costs […] should be allowed to the prevailing party"].) A "prevailing party" is anyone who has been awarded some relief by the court. (*See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources* (2001) 532 U.S. 598, 603).

Here, Defendant was victorious as to each and every cause of action of Plaintiff's Complaint. Thus, Defendant was awarded *complete* relief[1] and is entitled to all of its costs. Defendant's standard costs for this lawsuit total **$13,256**.

---

[1] The Court is waiting to enter final judgment pending the hearing on the parties' post-trial motions. (*See* Dkt. No. 189).

DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES

(Id.).  More specifically, Defendant's allowed costs are as follows:

- $402 for filing/clerk fees (L.R. 54-3.1)
- $5,866 for Plaintiff's deposition (L.R. 54-3.4)
- $4,320.54 for service of trial subpoenas (L.R. 54-3.2)
- $2,100 for interpreter fees (L.R. 54-3.7)
- $568.26 for copies of trial exhibits (L.R. 54-3.10(b))

### *ii. Plaintiff is Required To Pay Defendant's Costs Under Rule 68*

Defendant is similarly entitled to costs because Plaintiff rejected Defendant's formal offer to compromise and then lost at trial.  A party that does not accept an opposing party's offer of judgment and doesn't get a favorable result, *must* pay for the costs incurred thereafter. (Fed. R. Civ. Proc. 68(a); 68(d)). An award of costs after a rejected offer of judgment is mandatory, not discretionary. (*See Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1026 (9th Cir. 2003 ["The award is mandatory; Rule 68 leaves no room for the court's discretion"].)

Here, Defendant is also the prevailing party under the Rule 68 framework. Defendant served Plaintiff with a formal offer of judgment for an amount of $45,000 on September 5, 2024.  (Tremer Decl., paragraph 5).  Plaintiff never responded to Defendant's offer, forcing the parties to participate in a costly trial. (Id.).  As stated above, Plaintiff did not have a favorable outcome at trial by any means, rather, her claims were completely dismissed.   The Court has no discretion - Plaintiff is required to pay Defendant's post-offer costs.  (*UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1033 (9th Cir. 2013).) Defendant's costs that were incurred after the offer total **$7,048**. (*See* Argument Section II(A)(i), *supra* [total costs less filing fees and deposition costs].)

**B. <u>The Court Should Award Attorneys' Fees To Defendant Because Plaintiff's Claims Were Meritless</u>**[2]

The Court has discretion to award reasonable attorneys' fees, in addition to standard costs, to the prevailing party. (Fed. R. Civ. Proc. 54(d)(4); *Christiansburg Garment Co.* v. *EEOC* (1978) 434 U.S. 412.) A prevailing defendant should be awarded attorneys' fees when the claims are frivolous. (*Id*. at 421 ["[w]here the action is found to be unreasonable, frivolous, meritless or vexatious"]; *Chavez v. City of Los Angeles*, (2010) 47 Cal. 4th 970, 985 [ when action is brought in "bad faith"].) Claims are frivolous when they are "[b]aseless for objective reasons." (*Cummings v. Benco Bldg. Servs.*, (1992) 11 Cal. App. 4th 1383, 1389. Indeed, plaintiff's subjective bad faith is not a necessary prerequisite to an award of attorney fees to defendant. (*Christiansburg, supra,* 434 U.S. at 421; *Bond v. Pulsar Video Productions*, (1996) 50 Cal.App.4th 918, 921-22.) *Williams v. Chino Valley Indep. Fire Dist.* (2015) 61 Cal.4th 97, 115.) Under this standard, a plaintiff's claims must be without foundation when brought or after continuous litigation when it became clear. (*Id.*; *accord, Villanueva v. City of Colton*, 160 Cal.App.4th 1118, 1191-1201 (2008) [affirming award of attorneys' fees to employer after prevailing on discrimination claims at summary judgment where trial court found the lawsuit was frivolous].)

For example, in *Moss v. The Associated Press*, 956 F.Supp. 891 (C.D. Cal.1996), the court explained that plaintiff's age discrimination claim was not necessarily frivolous from the outset because "[p]laintiff should be given the benefit of the doubt that decision facts could have reasonably been expected to emerge through discovery to support his suspicion of age discrimination." *Id.* at 894-895. However, the court explained that plaintiff should have been aware from the date of his deposition that his claim was unmeritorious and thus his continued

---

[2] With the failure of her Labor Code claims, Plaintiff's derivative wrongful termination claim likewise failed. *Shoemaker v. Myers*, 52 Cal.3d 1, 24 (1990).

pursuit of it was unreasonable. *Id.* at 895. Specifically, plaintiff admitted at deposition that his age was viewed as a positive factor in his employment and his only basis for his age discrimination claim was his own personal belief, thus failing to demonstrate a *prima facie* case. *Id.* Additionally, Plaintiff admitted that defendant had a legitimate, non-discriminatory business justification for his termination—his workgroup was disbanded due to poor performance earnings. *Id.* Plaintiff's discovery thereafter failed to seek evidence supporting an age discrimination claim. *Id.* As such, the defendant was awarded attorneys' fees and costs from the date of the deposition forward as to the FEHA claim. *Id.* at 896. In *Moosa v. Dolan Foster Enterprises, Inc.*, No. 95-03099 MHP, 1998 WL30060 (N.D. Cal. Jan. 5, 1998), the district court likewise ruled that plaintiff should have been aware that his case lacked merit as of the date of his deposition. Like here, the court granted a motion for summary dismissal for the employer. The court noted that the plaintiff had failed to present any direct or circumstantial evidence sufficient to establish even a prima facie case.

Here, Plaintiff did not present any admissible evidence at trial to establish a prima facie case for any of her claims.  Plaintiff's entire case was premised on a self-serving declaration that contained arguments and conclusions.  Plaintiff did not present a single witness at trial to support her claims.  Defendant, on the other hand, presented a plethora of witnesses at all levels of the company to support the defense and which highlighted the dearth of evidence Plaintiff had to support this action.  The Court recognized this when it dismissed Plaintiff's claim under Labor Code Section 6310 for having no basis to establish that protected activity even occurred.  (See (Lab. Code §6300 (emphasis added); see also, Lab. Code § 6400(a) ["Every employer shall furnish employment and a place of employment that is safe and healthful *for the **employees** therein*." (emphasis added)]; *cf. Dabbs v. Cardiopulmonary Management Services* (1987) 188 Cal.App.3d 1437, 1444 [observing that CalOSHA is inapplicable where the plaintiff was "protesting

conditions which endangered *patient* health and safety, not employee health and safety"], abrogated on other grounds in *Gantt v. Sentry Ins.* (1992) 1 Cal.4th 1083, 1094–1095.)

Moreover, it did not take the jury more than ten minutes to return a unanimous verdict in Defendant's favor for her claims under Labor Code Section 1102.5 and wrongful termination.  The jury, similar to the Court, did not find that Plaintiff established even the initial threshold element to support her claim, the existence of protected activity.  Under relevant federal and California law, a jury verdict of this nature can render the claims baseless to justify an award of attorneys' fees.  (See *Bond, supra*, 50 Cal.App.4th at 922 [Court opining that it was not surprised that the jury returned a verdict 12-0 in discrimination case because "there was [just no evidence]" and the defendant was put through "needless trial expenses…" after attempting to resolve the matter informally several times.  Court noting it believed that was "totally unfair."])

**ii.** ***Defense Counsel Worked a Reasonable Number of Hours to Defend Defendants Against Plaintiff's Spurious Claims***

To determine a reasonable attorney's fee award, district courts generally start by calculating the lodestar (the product of multiplying the number of hours reasonably expended on the litigation by an hourly fee).  (*City of Burlington v. Dague*, 505 U.S. 557, 559-560 (1992); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).)  There is a strong presumption that the lodestar represents the reasonable fee.  (*City of Burlington*, 505 U.S. at 562; *Ferland*, 244 F.3d at 1149 n.4.) In determining the number of hours to use to calculate an award of fees, courts look at a wide variety of services provided by counsel, including drafting and revising pleadings, meeting with clients, interviewing witnesses, taking depositions, drafting, and revising motions, and communicating with clients and other counsel.  (*Hensley v. Eckerhart*, 461 U.S. 424, 434 & n.3-4 (1983); *Citizens*

*Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 233-234.) Reasonable hours also include time spent in preparing and litigating the application for fees (Serrano v. Unruh (1982) 32 Cal.3d 621, 637-639), as well as time spent by paralegals and law clerks, especially where services by such persons is separately billed for and at market rates. (*Lightbourne v. Printroom Inc.*, No. SACV 13-876-JLS (RNBx), 2015 WL 12732457, at *4 (C.D. Cal. Dec. 10, 2015); *Guinn v. Dotson* (1994) 23 Cal.App.4th 262, 269.)

The hours spent by Defendant's counsel, described in the accompanying Declaration of Brian L. Tremer, were reasonable given the objective lack of necessity for Plaintiff's claims to be brought to trial and the extensive preparation required as a result. Defendant's attorneys spent a significant amount of time deposing Plaintiff, drafting motions, attending mediation and multiple settlement conferences and prolonged meet and confer with Plaintiff to accommodate her *pro se* status. The hours spent by Defendants' counsel and their paralegals were reasonable in view of all of the relevant factors in this case. (Tremer Decl., Ex A.) Further, because Plaintiff's claims failed for lack of evidence supporting her claims (as opposed to a pleading or procedural defect) Defendant disposed of Plaintiff's case at the earliest opportunity at trial, however, discovery and trial preparation were necessary.

In this case, Fisher Phillips spent 622.6 attorney hours and 102.5 paralegal hours working on this case through the jury's verdict. (Tremer Decl., Ex. A.) This totals Two Hundred and Three Thousand Seven Hundred Sixty-Six Dollars and Zero Cents ($203,766.00). (Tremer Decl., Ex. B.) These totals do not include time spent on the present Motion or work on any other post-trial motions, including the hearings therefor, if necessary.

The amount of time spent on this case is reasonable for an employment case taken through summary judgment in Southern California. By comparison, defense counsel in a recent employment case in Los Angeles County expended 2,089.5

hours of attorney time and 577 hours of paralegal time through summary judgment. (See Garcia-Laverentz v. Sedgwick Claims Management Services, Inc. (Cal.Super. Nov. 10, 2015) 2015 WL 100584392.)    In a discrimination case that proceeded through trial, the district court ruled that 1,019.75 hours of attorney time was reasonable and awarded $616,687.50 in attorneys' fees.  (Navarro v. DHL Global Forwarding, No. 2:15-cv-05510-CAS(Ex), 2018 WL 2328191, at *5 (C.D. Cal. May 21, 2018).

Here, Defendants' counsel's 622.6 attorney hours and 102.5 paralegal hours through trial  are reasonable. Accordingly, Defendant respectfully request an award granting its fees in full.

### iii.    Defense Counsel's Rates Were Reasonable

When evaluating an attorney's hourly rate, courts generally consider, among other factors, the attorney's skill and experience, the nature of the work performed, the attorney's customary billing rates, and the prevailing rates charged by attorneys of similar skill and experience for comparable legal services in the community. (Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557, 567 (1992); Yahoo!, Inc. v. Net Games, Inc., 329 F.Supp.2d 1179, 1183 (N.D. Cal. 2004); Serrano, 32 Cal.3d at 643.)  The relevant legal community is the community in which the court is located.  (Bank of New York Mellon v. DeSelms, No. EDCV 18-1044-PSG (MRWx), 2020 WL 8172986, at *4 (C.D. Cal. Nov. 12, 2020).

The Laffey Matrix provides courts with a starting point to identify whether or not attorney rates are reasonable based on years of experience.  (See In Re HPL Techs., Inc. Sec. Litig., 366 F.Supp.2d 912, 921-22 (N.D. Cal. 2005) [utilizing the Laffey Matrix as one metric to consider the reasonableness of a fee request]). Prepared by the Civil Division of the United States Attorney's Office for the District of Columbia, the Laffey Matrix can be adjusted for geography based on the United States Bureau of Labor Statistics' report by multiplying the DC Hourly

1  Rate by the median wage for Los Angeles attorneys and paralegals[3]divided by the

2  median wage for D.C. attorneys and paralegals.[4]  (See Am. Rena Internat'l Corp.

3  v. Sis-Joyce Internat'l Co., Ltd., No. CV 12-6972 FMO (JEMx), 2015 WL

4  12732433, at *41 (C.D. Cal. Dec. 14, 2015).)

5       Pursuant to the *Laffey Matrix,* a reasonable hourly rate for Alden Parker's

6  level of experience (20 or more years) is $1141 per hour (adjusted for Los Angeles

7  at 96.8% = $1,104.50); for my level of experience (11-19 years) it is $948 per hour

8  (adjusted for Los Angeles at 96.8% = $917.67), and for Ms. Howland it is $258 per

9  hour (adjusted for Los Angeles at 89.7% = 231.42). These rates are significantly

10  lower than Defendant's counsel's rates billed in this matter, by several hundreds of

11  dollars per biller.

12       Alternatively, in Lopez v. Silva, No. CV 18-4813 PSG JEMx, 2020 WL

13  2619163, at *3 (C.D. Cal. Apr. 16, 2020), this Court considered the reasonable rates

14  of Labor and Employment attorneys in Los Angeles using the 2018 Real Rate

15  Report: The Industry's Leading Analysis of Law Firms Rates, Trends, and

16  Practices ("2018 Real Rate Report").  As the Court noted: In Los Angeles, the

17  median hourly rate for a partner engaged in Labor and Employment is $436 for an

18  associate, and $550 for a partner.  In addition, for Labor and Employment

19  associates engaged in litigation with fewer than 3 years, between 3 and 7 years, and

20  more than 7 years of experience, the median rate is, respectively, $280, $343, and

21  $385.  Fisher Phillips' attorneys' rates come in well below these  rates.

22       When taking into consideration the skill level and academic credentials of

23  Defense counsel's team, and whether using the Laffey Matrix or  Real Rate Report,

---

[3] U.S. Dep't of Labor, Bureau of Labor Statistics, May 2020 Metropolitan and Nonmetropolitan Area Occupational Employment and Wage Estimates for Los Angeles-Long Beach-Anaheim, California, available at https://www.bls.gov/oes/current/oes_31080.htm.

[4] U.S. Dep't of Labor, Bureau of Labor Statistics, May 2020 Metropolitan and Nonmetropolitan Area Occupational Employment and Wage Estimates for Washington-Arlington-Alexandria, DC-VA-MD-WV, available at https://www.bls.gov/oes/current/oes_47900.htm.

DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES

1  the Fisher Phillips' hourly rates for partner, of counsel, and paralegal work are

2  reasonable for this case.

3  **III.    CONCLUSION**

4      Plaintiff maintained her frivolous claims against Defendant despite having

5  no evidence. By continuing to maintain her baseless claims, Plaintiff caused

6  Defendant to incur nearly $200,000 in attorneys' fees to defend itself. Accordingly,

7  Defendants respectfully request that the Court grant their Motion and enter an order

8  awarding Defendants' attorneys' fees in the amount of $203,766.00, as well as

9  $13,256 in costs.

10

11  DATE:  March 17, 2025        FISHER & PHILLIPS LLP

12

13                              /S/ *Brian L. Tremer*

14                              ALDEN J. PARKER
                                BRIAN L. TREMER
                                Attorneys for Defendant
15                              SURGICAL CARE AFFILIATES, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES